UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DEANA TODT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) Case No. 1:18-CV-237 PLC |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner Social Security, | ) |
| | ) |
| DEFENDANT. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on "Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b)."  [ECF No. 24]  The Commissioner does not object to Plaintiff's fee request.  [ECF No. 25]  Based on the following, the Court grants the motion for attorney fees.

**I.     Procedural Background**

On April 10, 2020, the Court issued a memorandum and order finding that the Commissioner's final decision denying Plaintiff Deana Todt's application for benefits under the Social Security Act was not supported by substantial evidence on the record as a whole, and reversing and remanding the case for further proceedings.  [ECF No. 18]  Thereafter, the Court awarded counsel fees pursuant to the Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412, in the amount of $5,037.50.  [ECF No. 23]

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Following this Court's remand, the ALJ issued Plaintiff a "Fully Favorable Decision," and the Social Security Administration (SSA) awarded Plaintiff $123,849.50 in past due benefits under Title II of the Social Security Act. [ECF No. 24-1] The SSA withheld twenty-five percent of the past-due benefits, or $30,962.38, and distributed $6,000.00 of that amount to Plaintiff's counsel for her work at the administrative level. [ECF No. 24-4] See 42 U.S.C. § 406(a).

Plaintiff's counsel seeks the remaining $24,962.38 withheld by the SSA. [ECF No. 24] Plaintiff's counsel states that, pursuant to the fee agreement for representation signed by Plaintiff, Plaintiff's counsel "is entitled to 25% of any back pay and that Plaintiff will be refunded the lesser amount of either the fees payable under 42 U.S.C. § 406(b) or the fees collected under 28 U.S.C. § 2412 (EAJA Fees)." [Id. at 2] Plaintiff requests an award of $24,962.38, which is twenty-five percent of the total past benefits less the $6,000.00 fee paid for her work before the Social Security Administration.

The Commissioner states that he "has no objection to an award of attorney fees under 42 U.S.C. § 406(b) in the amount of $24,962.38." [ECF No. 25] He states, however, that if the Court grants Plaintiff's counsel's motion for fees, Plaintiff's counsel must refund to Plaintiff the $5,037.50 in attorney fees previously awarded her under the EAJA. [Id.]

## II.     Legal Standard

Section 406(b) of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). Fees awarded pursuant to Section 406(b) are paid out of, and not in addition to, the claimant's past due benefits. Id. Additionally, where a plaintiff was previously

awarded attorney fees under the EAJA, counsel must offset any Section 406(b) award by refunding the smaller fee. Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002) (citing Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186).

Section 406(b) requires "the attorney for the successful claimant [to] show that the fee sought is reasonable for the services rendered." Id. at 807. A court must then perform "an independent check" to assure that the requested fee is reasonable. Id. at 808. A court "look[s] first to the contingent fee agreement, then test[s] it for reasonableness[.]" Id. In determining the reasonableness of a fee requested under Section 406(b), a court must "respect the primacy of lawful attorney-client fee agreements." Id. at 793. Factors a court may consider are: (1) the quality of representation relative to the results achieved; (2) any delay attributable to the attorney; and (3) the size of the benefit counsel receives compared to the amount of time spent on the case. See id. at 808.

**III.    Discussion**

Here, Plaintiff's counsel seeks fees in the amount of $24,962.38, or twenty-five percent of the past-due benefits less the $6,000.00 fee paid for her work before the SSA. [ECF No. 24] In support of her motion, Plaintiff's counsel submitted, among other things, the Notice of Award letter from the SSA, a copy of the fee agreement signed by Plaintiff, and an itemized description of the time Plaintiff's counsel spent on the case. [ECF Nos. 24-4, 24-5, 24-6] The Commissioner states he has no objection to the requested fee award. [ECF No. 25]

As an initial matter, Plaintiff's agreement to pay Plaintiff's counsel twenty-five percent of the total past-due benefits does not exceed the statutory maximum. Accordingly, the agreement is not unlawful on its face, and the Court next considers whether the fee claimed is reasonable. See Gisbrecht, 535 U.S. at 807 ("Congress has provided one boundary line:    Agreements are

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

The Court notes that Plaintiff's counsel achieved the optimal result for her client. Likewise, the record does not reflect any unreasonable delay on the part of Plaintiff's counsel. Finally, the pending fee is not excessive relative to the time spent on work before this Court. The Court therefore concludes that the requested fee is reasonable.

## IV.     Conclusion

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Plaintiff's counsel's motion for attorney fees [ECF No. 24] is **GRANTED**. Plaintiff's counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $24,962.38.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund Plaintiff the amount of $5,037.50 previously awarded under the EAJA.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of July, 2021